**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2019[*]
Decided October 23, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3024

| | |
|---|---|
| ROBERT HOSKINS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:14-cv-01427-DGW |
| | |
| THOMAS MEZO, *et al.,* | Donald G. Wilkerson, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

Robert Hoskins, a prisoner held at Menard Correctional Center, maintains that prison officials were deliberately indifferent toward unsanitary conditions in his cell. His Eighth Amendment suit went to trial, and the jury found in favor of the defendants. He moved for a new trial based on newly discovered evidence, but the magistrate judge denied the motion. On appeal, Hoskins primarily challenges that denial. But he did not file a notice of appeal from the order denying the motion, so we lack jurisdiction to consider that challenge. We otherwise affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

When Hoskins was transferred to Menard Correctional Center, he was assigned to a cell that he says was contaminated with feces, blood, food waste, and bugs. He contends that he asked a first-shift officer for cleaning supplies but was rebuffed. Later that day, he continues, he repeated his request to a second-shift officer, but that officer also refused assistance. That night, he asked once more of a third-shift officer and again was brushed off.

Two days later, he turned to his counselor, telling her that he had asked officers on all three shifts for cleaning supplies but they all refused even though they could see that his cell was unsanitary. Hoskins asked the counselor to help him file grievances against the officers, but he says that she responded by telling him to "stop crying."

Hoskins filed grievances against his counselor and the three officers who refused to give him cleaning supplies. He also sent letters to the warden and the director of the Department of Corrections. Hoskins contends that the director ordered the warden to fix the problem, but she took no action.

Hoskins then sued the warden, the counselor, and the three officers for refusing to provide him a sanitary cell in violation of the Eighth Amendment. The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

During discovery, Hoskins moved, first, to compel the defendants to respond to his interrogatories and, then, to produce documents pertaining to his cell and any health inspections of it. But the magistrate judge promptly dismissed these motions without prejudice upon recruiting counsel for Hoskins, so that counsel could evaluate how to proceed. Counsel did not renew the motions to compel or file any additional motions relating to discovery disputes.

The case proceeded to trial, and the jury returned a verdict for the defendants.

Eight days after trial—and no longer represented by an attorney—Hoskins filed both a motion for reconsideration and a notice of appeal. In the motion, he attacked the sufficiency of the evidence and complained that he had not received all the requested documents pertaining to his cell conditions. Two days later, he moved for a new trial based on "newly discovered evidence"—an affidavit from a fellow prisoner who worked as a porter cleaning cells in segregation and who disputed the defendants' characterization of the prison's policy for cleaning cells.

The magistrate judge denied both motions in a single order. The judge first denied Hoskins's motion for reconsideration, concluding that the jury's decision to credit the defendants' testimony over Hoskins's was not contrary to the manifest weight of the evidence. The judge also denied Hoskins's request for relief based on newly discovered evidence. This evidence, the judge ruled, likely could have been obtained through discovery but, in any event, it was cumulative, immaterial, and not likely to have resulted in a different outcome at trial. Hoskins did not file a separate notice of appeal challenging that order.

On appeal, Hoskins forgoes challenging the jury verdict and instead primarily contends that the magistrate judge erred by denying his motion for a new trial based on newly discovered evidence. But this argument is not properly before us. Under Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), a party intending to challenge an order disposing of post-judgment motions—here, Hoskins's motion requesting a new trial—must file a notice of appeal or an amended notice of appeal within 28 days after the order has been entered. Hoskins filed his notice of appeal *before* the magistrate judge denied his motion for a new trial, and he did not thereafter file a new notice of appeal or amend his notice to include an appeal of that order. We thus lack jurisdiction to consider any argument about Hoskins's post-trial motion for a new trial. *See Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012).

To the extent that Hoskins argues that the defendants improperly refused to comply with his discovery requests or that the magistrate judge erred by not compelling the defendants to disclose certain evidence, his contentions lack support. The record does not reflect that Hoskins's counsel was improperly denied any information that she sought, and counsel did not renew Hoskins's motions to compel. *See, e.g.*, *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 548–49 (7th Cir. 2017) (determining that counsel's failure to compel production of documents foreclosed any argument about "missing evidence"). Nor does Hoskins explain how any of the documents he sought would have affected his case or usefully supplemented the evidence that he had presented. In short, the record does not demonstrate that the magistrate judge erred in resolving any discovery dispute.

We have considered Hoskins's remaining arguments, and none has merit.

AFFIRMED